UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
LIBERTY MUTUAL INSURANCE
COMPANY,

                        Plaintiff,

COLUMBUS CONSTRUCTION CORP.,
CANAL ASPHALT, INC., and AUGUST
M. NIGRO,

                        Defendants.
--------------------------------------------------------X

**ANSWER**

Case No.: 07 CIV 2857 (CLB)

ECF Case

        Defendants by the undersigned attorneys, Andrew Greene & Associates, P.C. , as and for

their Answer to the Complaint, respectfully alleges as follows:

        1.      Deny knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations set forth in paragraph 1 of the Complaint.

        2.      Admit the allegations set forth in paragraph 2 of the Complaint.

        3.      Admit the allegations set forth in paragraph 3 of the Complaint.

        4.      Admit the allegations set forth in paragraph 4 of the Complaint.

        5.      Admit the allegations set forth in paragraph 5 of the Complaint.

6.    Admit the allegations set forth in paragraph 6 of the Complaint.

7.    Admit the allegations set forth in paragraph 7 of the Complaint.

8.    Admit the allegations set forth in paragraph 8 of the Complaint.

9.    Admit the allegations set forth in paragraph 9 of the Complaint.

10.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Complaint.

11.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of the Complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Complaint.

13.    Admit the allegations set forth in paragraph 13 of the Complaint.

14.    Admit the allegations set forth in paragraph 14 of the Complaint.

15.    Admit the allegations set forth in paragraph 15 of the Complaint.

2

16.     Admit the allegations set forth in paragraph 16 of the Complaint.

17.     Admit the allegations set forth in paragraph 17 of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of the Complaint.

21.     Admit the allegations set forth in paragraph 21 of the Complaint.

22.     Admit the allegations set forth in paragraph 22 of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 of the Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 24 of the Complaint except Admit that the Plaintiff

declined to pay Trump Briarcliff Manor Development LLC ("Trump").

25.     Admit the allegations set forth in paragraph 25 of the Complaint.

26.     Admit the allegations set forth in paragraph 26 of the Complaint.

27.     Admit the allegations set forth in paragraph 27 of the Complaint.

28.     Admit the allegations set forth in paragraph 28 of the Complaint.

29.     Admit the allegations set forth in paragraph 29 of the Complaint.

30.     Admit the allegations set forth in paragraph 30 of the Complaint.

31.     Admit the allegations set forth in paragraph 31 of the Complaint.

32.     Admit the allegations set forth in paragraph 32 of the Complaint.

33.     Admit the allegations set forth in paragraph 33 of the Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 34 of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 35 of the Complaint.

36.     Admit the allegations set forth in paragraph 36 of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 37 of the Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

38.     Defendants repeat, reiterate and reallege each and every response above with the same force and effect as if set forth at length herein.

39.     Deny the allegations set forth in paragraph 39 and respectfully refer the Court to the GAI for its terms and conditions.

40.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40 of the Complaint.

41.     Admit the allegations set forth in paragraph 41 of the Complaint.

42.     Deny the allegations set forth in paragraph 42 of the Complaint.

43.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 43 of the Complaint.

44.    Deny the allegations set forth in paragraph 44 of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

45.    Defendants repeat, reiterate and reallege each and every response above with the same force and effect as if set forth at length herein.

46.    Deny the allegations set forth in paragraph 46 and respectfully refer the Court to the GAI for its terms and conditions.

47.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 47 of the Complaint.

48.    Deny the allegations set forth in paragraph 48 of the Complaint except Admit that the Defendants have not reimbursed the Plaintiff for costs and expenses incurred.

49.    Deny the allegations set forth in paragraph 49 of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 50 of the Complaint.

51.     Deny the allegations set forth in paragraph 51 of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

52.     Defendants repeat, reiterate and reallege each and every response above with the same force and effect as if set forth at length herein.

53.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 53 of the Complaint.

54.     Deny the allegations set forth I paragraph 54 of the Complaint.

55.     Deny the allegations set forth in paragraph 55 of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 56 of the Complaint.

57.     Deny the allegations set forth in paragraph 57 of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

58.    Defendants repeat, reiterate and reallege each and every response above with the same force and effect as if set forth at length herein.

59.    Deny the allegations set forth in paragraph 59 of the Complaint.

60.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 60 of the Complaint.

61.    Deny the allegations set forth in paragraph 61 of the Complaint.

## AS AND FOR A COMPLETE DEFENSE TO THE COMPLAINT

62.    Commencing at a time presently unknown to the Defendants but subsequent to entry of Judgments in favor of Trump and against the Plaintiff, Columbus Construction Corp., ("Columbus") and Canal Asphalt, Inc. ("Canal"), as set forth in the Complaint, the Plaintiff entered into negotiations with Trump with a view toward reducing and paying a reduced amount to Trump in order to satisfy and/or discharge the Judgments entered against the Plaintiff.

63.    The principal aggregate amount of the Judgments entered against the Plaintiff and in favor of Trump was approximately $930,000.00 and appeals were taken from said Judgments

8

by the Plaintiff.

64.    The principal aggregate amount of the Judgments entered against Columbus and Canal was approximately $2,375,000.00 and appeals were taken from said Judgments by the Defendants.

65.    At no time during the settlement negotiations between the Plaintiff and Trump were the Defendants apprised about the negotiations.  Defendants did not learn or become aware of the settlement discussions between the Plaintiff and Trump at any time prior to the settlement ultimately reached between them.

66.    Although counsel for the parties in this action were in frequent communication with one another concerning the appeals and the merits of same, there was no disclosure that settlement discussions were ongoing between the Plaintiff's counsel and Trump's counsel.

67.    The Plaintiff intentionally kept secret from the Defendants herein the existence of, or progress made in, the settlement discussions with Trump.

68.    As set forth in the Complaint, the Plaintiff paid Trump $1,500,000.00 to settle the Judgments against it in the aggregate  principal amount of $930,000.00 .

69.    The payment of $1,500,000.00 to Trump by the Plaintiff was improvident and

made in bad faith with respect to the Surety's obligations to deal fairly, openly and honestly with the Defendants.

70.     Upon information and belief, the payment of $1,500,00.00 to Trump was motivated by the Plaintiff's reluctance to test, on appeal, the extent of the Surety's liability for counsel fees incurred by a proper claimant under the Plaintiff's performance bond.  In order to avoid an appellate determination of the issue, and the impact that an adverse decision would have far ranging consequences on all present and future bond claims, the Plaintiff improperly and in bad faith subordinated the Defendants rights under the suretyship agreement to its own interests.

71.     To insure that Columbus and Canal did nothing to impede or affect the settlement negotiations with Trump, the Plaintiff kept them secret from the Defendants.   In so doing, the Plaintiff deprived the Defendants of the opportunity to participate in said settlement negotiations.

72.     The Plaintiff also sorely prejudiced the rights of Defendant Nigro in that although no Judgment had been entered against him personally, the payment of the settlement amount by the Plaintiff triggered Nigro's indemnification obligations to the Plaintiff under the General Agreement of Indemnity ("GAI").

73.     The instant Complaint against Nigro personally is based upon his purported breach of the GAI and seeks in excess of $1,500,000.00.

10

74.     Rather than perfecting its appeal from the Trump Judgments, the Plaintiff elected to forego strong arguments for their reversal in order to reduce its exposure on other issued and outstanding bonds that an adverse ruling would have.

75.     In conducting itself in the manner described above, the Plaintiff violated its most fundamental obligation to the Defendants - - - - the obligation to deal in good faith with its own assured and not to take action to imperil or adversely affect its assured.

76.     By reason of the foregoing, the Defendants pray for a Judgment dismissing the Complaint.

## AS AND FOR AN AFFIRMATIVE DEFENSE

77.     Defendants repeat, reiterate and reallege each and every allegation above with the same force and effect as if set forth at length hereat.

78.     The Plaintiff is equitably estopped from maintaining its claims in that, by its conduct, it has waived its rights to enforce the GAI and/or comes into Court with "unclean hands."

WHEREFORE, Defendants pray that Judgment enter dismissing the Complaint and that the Court grant such other and further relief as may be just and proper.

11

Dated: June 22, 2007

ANDREW GREENE & ASSOCIATES P.C.
Attorneys for Defendants


By: _Stanley S Zinner_____
Stanley S. Zinner (SZ4448)
202 Mamaroneck Avenue
White Plains, New York, 10601
(914) 948-4800

12